14-972
*Scott v. Berkeley College*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of March, two thousand fifteen.

PRESENT:  RICHARD C. WESLEY,
                  DEBRA ANN LIVINGSTON,
                  SUSAN L. CARNEY,
                              *Circuit Judges*.

_____

ROBERT SCOTT,

                    *Plaintiff-Appellant*,

          -v.-                                                      No. 14-972

BERKELEY COLLEGE,

                    *Defendant-Appellee*.*

_____

FOR APPELLANT:        Robert Scott, *pro se*, New York, NY.

_____

* The Clerk of the Court is respectfully requested to amend the caption as indicated.

FOR APPELLEE:          Patrick J. Lawless, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY (David F. Bayne, Akerman LLP, New York, NY, *on the brief*).

Appeal from the United States District Court for the Southern District of New York (Castel, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Robert Scott appeals from a judgment of the United States District Court for the Southern District of New York, dismissing his claims of gender discrimination and retaliation against Defendant-Appellee Berkeley College ("College") pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.[1]

This case arises from a classroom altercation involving two female students and Scott, a male student.  Scott argues that the College engaged in gender discrimination when it investigated and punished Scott differently from

---

[1] We review de novo a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all well-pled factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

the two female participants.  We conclude that the District Court correctly dismissed Scott's claim for failure to allege sufficient facts under either a "flawed outcome" or "selective enforcement" theory of gender discrimination.  *See Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994).  The factual allegations in the Amended Complaint and the attached documentary exhibits render implausible Scott's claim that the College unlawfully discriminated against him in its disciplinary action.  Scott likewise fails to state a plausible claim of retaliation since the written materials incorporated into the Amended Complaint demonstrate that the College had already moved toward expelling Scott before he filed an affirmative action complaint against the investigating administrator. *See Murray v. N.Y. Univ. Coll. of Dentistry*, 57 F.3d 243, 251 (2d Cir. 1995).

We have considered all of Scott's remaining arguments and find them to be without merit.  Accordingly, for the reasons set forth above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3